**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

LEE JUPITER,

    Petitioner,

v.                                                                                         CASE NO. 1:09cv15-MP-GRJ

WALTER A. MCNEIL,

    Respondent.

_____/

**O R D E R**

This cause comes on for consideration upon the magistrate judge's Report and Recommendation dated November 22, 2011. (Doc. 33). The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1). I have made a *de novo* determination of any timely filed objections.

Having considered the Report and Recommendation, and any objections thereto timely filed, I have determined that the Report and Recommendation should be adopted.[1]

---

[1] Petitioner objects to the report and recommendation's factual finding that he did not present his due process claim concerning the indictment to the state court, rendering the claim unexhausted and procedurally defaulted. Petitioner argues that his reference to the Fifth Amendment in his postconviction appeal was sufficient to fairly present this claim to the state court. However, the exhaustion doctrine requires a habeas applicant to do more than make oblique references to possible claims; "[t]he ground relied upon must be presented face-up and squarely; the federal question must be plainly defined." *Kelley v. Secretary for Dept. of Corrections*, 377 F.3d 1317, 1325 (11th Cir. 2004) (quoting *Martens v. Shannon*, 836 F.2d 715, 717 (1st Cir.1988)) (internal quotation marks omitted). Furthermore, it is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state-law claim was made, to exhaust a claim sufficiently, "petitioners [must] present their claims to the state courts such that the reasonable reader would understand each claim's particular legal basis and specific factual foundation." *Id.* at 1344-45 (citing *Picard v. Connor*, 404 U.S. 270, 277, 92 S. Ct. 509, 513 (1971)).

    In the instant case, the petitioner did not make a "due process" claim in the state court but made a Fifth Amendment "presentment clause" claim. The first time the petitioner uttered the words "due process" was in his motion for rehearing, which he now argues was a clarification of his erroneous Fifth Amendment claim. The petitioner concedes that a claim presented for the first time on a motion for rehearing is not exhausted for federal review. Thus, the only way this argument survives is for the court to conclude that plaintiff was clarifying his previous argument. The court cannot make this finding. The petitioner was not merely correcting a mis-stated constitutional provision. He was trying to introduce a completely new basis for relief in his motion for rehearing. As such, petitioner did not fairly present his due process claim to the state court.

Accordingly, it is now ORDERED as follows:

1. The magistrate judge's Report and Recommendation is adopted and incorporated by reference in this order.

2. The amended petition for a writ of habeas corpus (doc. 10) is DENIED and a certificate of appealability is DENIED.

**DONE and ORDERED** this 7th day of March, 2012.

*s/ M. Casey Rodgers*
**M. CASEY RODGERS
CHIEF UNITED STATES DISTRICT JUDGE**